U.S. v. Star Enterprises Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

v.

STAR ENTERPRISES, INC.
Defendant.

CRIMINAL NO. 24-039(MAJ)

RECEIVED AND FILED
CLERK'S OFFICE USDC PR
2024 FEB 14 AM 11:21

## PLEA AGREEMENT

The United States of America, Defendant Star Enterprises, Inc., and Defendant's counsel, Lydia Lizarribar, Esq., pursuant to Federal Rules of Criminal Procedure 11(c)(1)(A) and 11(c)(1)(B), state that they have reached a Plea Agreement, the terms and conditions of which are as follows:

1. **Charges to which Defendant will Plead Guilty**

Defendant agrees to plead guilty to Count One of the Information, which alleges a violation of 18 U.S.C. §§ 666(a)(1)(A) and 2 (federal program theft and aiding and abetting).

2. **Maximum Penalties**

The maximum statutory penalties for the offense alleged in Count One of the Information are: a term of imprisonment of not more than 10 years pursuant to 18 U.S.C. § 666; a term of supervised release of not more than three years pursuant to 18 U.S.C. § 3583(b)(2); a fine not to exceed $250,000 pursuant to 18 U.S.C. § 3571(b)(2); and a Special Monetary assessment of $100 pursuant to 18 U.S.C. § 3583(b)(1).

### 3. Sentencing Guidelines Applicability

Defendant understands that the sentence will be imposed by the Court in accordance with 18 U.S.C. §§ 3551-86, and the United States Sentencing Guidelines (hereinafter "Guidelines"), which are advisory pursuant to *United States v. Booker*, 543 U.S. 220 (2005). Further, Defendant acknowledges that parole has been abolished, and that the imposition of Defendant's sentence may not be suspended.

### 4. Special Monetary Assessment

Defendant agrees to pay a special monetary assessment ("SMA") of one hundred dollars ($100.00) per count of conviction. The SMA will be deposited in the Crime Victim Fund, pursuant to 18 U.S.C. § 3013 (a)(2)(A).

### 5. Fines and Restitution

The Court may, pursuant to Section 5E1.2 of the Guidelines order Defendant to pay a fine. The Court may also impose restitution. Defendant agrees to execute and make available, prior to sentencing, a standardized financial statement (OBD Form 500). The United States will advocate on behalf of any identified victim, and comply with its obligations under the Mandatory Victim Restitution Act of 1996. Defendant further agrees to be held liable for a total restitution amount of $213,210.07 to be paid jointly and severally with Kelvin Pagán-La Luz and Javier Santiago-Rodriguez. $59,999 of the total restitution amount shall be payable jointly and severally with a Company 1 and an adult male whose initials are F.R.

U.S. v. Star Enterprises Inc.

### 6. Sentence to be A Determined by the Court

Defendant understands that the sentence to be imposed will be determined solely by the United States District Judge. The United States cannot make, and has not made, any promise or representation as to what sentence Defendant will receive. Any discussions that the parties might have had about possible sentences are not binding in any way on the Court, and do not constitute representations about what the actual sentence will be.

### 7. Recommended Sentencing Guidelines Calculations

After due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the United States and Defendant submit that the advisory Guidelines calculations listed below apply to Defendant. However, Defendant acknowledges that the Court is not required to accept these recommended Guidelines calculations.

| SENTENCING GUIDELINES CALCULATIONS COUNT ONE – 18 U.S.C. § 666(a)(1)(A)[1] | |
|---|---|
| Base offense level, U.S.S.G. § 2B1.1(a) | 6 |
| Loss exceeded $150,000, U.S.S.G. § 2B1.1(b)(F) | +10 |
| Acceptance of responsibility, U.S.S.G. § 3E1.1 | -3 |
| Total offense level | 13 |
| Sentencing Fine Range for TOL 13 is $150,000 pursuant to U.S.S.G. § 8C2.4(d)(4) | |

---

[1] The parties recognize that Defendant may be eligible for a downward adjustment pursuant to U.S.S.G. § 4C1.1.

U.S. v. Star Enterprises Inc.

## 8. Sentence Recommendation

Having considered the applicable sentencing guidelines and the sentencing factors enumerated in 18 U.S.C. § 3553(a), the parties agree that at Sentencing, the United States will recommend that no fine be imposed, but will request that the Court impose restitution in accordance with what is stated in Paragraph 5 of this Plea Agreement.

## 9. No Stipulation as to Criminal History Category

The parties make no stipulation as to any Criminal History Category for Defendant.

INTENTIONALLY LEFT BLANK

U.S. v. Star Enterprises Inc.

## 10. Waiver of Appeal

Defendant knowingly and voluntarily agrees that if the Court imposes no fine, Defendant waives the right to appeal any aspect of this case's judgment and sentence, including, but not limited to, the term of imprisonment or probation, restitution, fines, forfeiture, and the term and standard conditions of supervised release.

## 11. No Further Adjustments or Departures

The United States and Defendant agree that no adjustments or departures to Defendant's total adjusted offense level and no variant sentence under 18 U.S.C. § 3553—other than any explicitly provided for in this Plea Agreement—shall be sought by Defendant. The parties agree that any request by Defendant for an adjustment or departure that is not explicitly provided for in this Plea Agreement will be considered a material breach of this Plea Agreement, and the United States will be free to ask for any sentence, either guideline or statutory.

## 12. Satisfaction with Counsel

Defendant is satisfied with counsel, Lydia Lizarribar, Esq., and asserts that counsel has rendered effective legal assistance.

## 13. Rights Surrendered by Defendant Through Guilty Plea

Defendant understands that by entering into this Plea Agreement, Defendant surrenders and waives certain rights as detailed in this agreement. Defendant understands that the rights of criminal defendants include the following:

> a. If Defendant had persisted in a plea of not guilty to the charges, Defendant would have had the right to a speedy jury trial with the

U.S. v. Star Enterprises Inc.

assistance of counsel. The trial would be conducted by a judge sitting without a jury if Defendant, the United States and the judge agreed.

b. If a jury trial were conducted, the jury would be composed of twelve lay persons selected at random. Defendant and Defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification were shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that Defendant is presumed innocent, that it could not convict Defendant unless, after hearing all the evidence, it was persuaded of Defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

c. If a trial were held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established Defendant's guilt beyond a reasonable doubt.

d. At a trial, the United States would be required to present its witnesses and other evidence against Defendant. Defendant would be able to confront those witnesses and Defendant's attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on Defendant's own behalf. If the witnesses for Defendant would not appear voluntarily, Defendant could require their attendance through the subpoena power of the Court.



e. At a trial, Defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from Defendant's refusal to testify. If Defendant desired to do so, Defendant could testify on Defendant's own behalf.

### 14. Stipulation of Facts

The accompanying Stipulation of Facts signed by Defendant is hereby incorporated into this Plea Agreement. Defendant adopts the Stipulation of Facts and agrees that the facts therein are accurate in every respect. Defendant agrees and accepts that had the matter proceeded to trial, the United States would have proven those facts

U.S. v. Star Enterprises Inc.

beyond a reasonable doubt.

### 15. Limitations of Plea Agreement

This Plea Agreement binds only the United States Attorney's Office for the District of Puerto Rico and Defendant. It does not bind any other federal district, state, or local authorities.

### 16. Entirety of Plea Agreement

This written agreement constitutes the complete Plea Agreement between the United States, Defendant, and Defendant's counsel. The United States has made no promises or representations except as set forth in writing in this Plea Agreement and denies the existence of any other terms and conditions not stated herein.

### 17. Amendments to Plea Agreement



No other promises, terms or conditions will be entered into between the parties unless they are in writing and signed by all parties.

### 18. Voluntariness of Plea Agreement

Defendant acknowledges that no threats have been made against Defendant and that Defendant is pleading guilty freely and voluntarily because Defendant is guilty.

### 19. Breach and Waiver

Defendant agrees that he will have breached this Plea Agreement if, after entering into this Plea Agreement, Defendant: (a) fails to perform or to fulfill completely each and every one of Defendant's obligations under this Plea Agreement; (b) engages in any criminal activity prior to sentencing; or (c) attempts to withdraw his

guilty plea. In the event of such a breach, the United States will be free from its obligation under this Plea Agreement and Defendant will not have the right to withdraw the guilty plea. Moreover, Defendant agrees that if Defendant is in breach of the Plea Agreement, he is deemed to have waived any objection to the reinstatement of any charges under the Indictment, Information, or complaint which may have previously been dismissed or which may have not been previously prosecuted.

### 20. Felony Conviction

Defendant hereby agrees and recognizes that the plea of guilty in this case will be recognized as a felony conviction, which will result in the loss of certain rights, including but not limited to the right to vote in a federal election, to serve as a juror, to hold public office, and to lawfully possess a firearm.

W. STEPHEN MULDROW
United States Attorney

_____
Seth A. Erbe
Assistant United States Attorney
Chief, Financial Fraud/Public Corruption
Dated: 1/12/24

_____
Lydia Lizarribar, Esq.
Attorney for Defendant
Dated: 1/17/24

_____
Alexander L. Alum
Assistant United States Attorney
Dated: 1-12-24

_____
Star Enterprises, Inc.
Defendant
Dated: 17 Jan 24

U.S. v. Star Enterprises Inc.

## UNDERSTANDING OF RIGHTS

I have consulted with my attorney and fully understand all of my rights as to the charges pending against me. Further, I have consulted with my attorney and fully understand my rights as to the provisions of the Guidelines that may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney, who has translated it to me into the Spanish language. I fully understand this agreement and voluntarily agree to it.

Date: 17 Jan 24

Star Enterprises, Inc.
Defendant

I am the attorney for Defendant. I have fully explained Defendant's rights to Defendant with respect to the pending charges. Further, I have reviewed the applicable provisions of the Guidelines and I have fully explained to Defendant the provisions of those Guidelines that may apply in this case. I have carefully reviewed every part of this Plea Agreement with Defendant. I have translated the Plea Agreement and explained it in the Spanish language to the Defendant who has expressed having no doubts as to the contents of the agreement. To my knowledge, Defendant is entering into this Plea Agreement voluntarily, intelligently, and with full knowledge of all consequences of Defendant's plea of guilty.

Date: 1/17/24

Lydia Lizarribar, Esq.
Counsel for Defendant

## STIPULATION OF FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, the Defendant, Javier Santiago-Rodriguez admits that the following is an accurate summary, and not an exhaustive account, of the facts the United States would have proven beyond a reasonable doubt had this matter proceeded to trial.

The Puerto Rico Department of Education ("PRDOE") was organized under Article IV, Section 6 of the Constitution of the Commonwealth of Puerto Rico. The PRDOE was responsible for the planning and administration of all public elementary, ssecondary, and some post-secondary education throughout Puerto Rico. The PRDOE is a governmental educational agency that received in excess of $10,000 in federal benefits during the one-year preceding and following December 31, 2020.

The Technical Education Program was a component of the PRDOE that was responsible for the administration of public post-secondary institutions operated under the auspices of the PRDOE. Defendant Kelvin Pagán-La Luz was employed by the PRDOE as the director of the Technical Education Program, and was authorized to issue checks drawn from the Technical Education Program's FirstBank Puerto Rico ("FirstBank") account ending in XXXX1575. Kelvin Pagán-La Luz was an agent of the PRDOE. Defendant Kelvin Pagán cohabitated with Javier Santiago-Rodriguez, who was the sole proprietor, president, and resident agent of Defendant Star Enterprises, Inc. ("Star Enterprises"), a corporation formed under the laws of Puerto Rico with a physical address identical to the residential address that Kelvin-Pagán-La Luz and Javier Santiago-Rodriguez shared.

U.S. v. Star Enterprises Inc.

Company 1 was a corporation formed under the laws of Puerto Rico, and maintained an Oriental Bank ("Oriental") account ending in XXXX8324. Individual A was the *de facto* head of Company 1, and a close relative of Company 1's officials. The Puerto Rico Aviation Maintenance Institute ("PRAMI") was a post-secondary learning institution operated under the auspices of the PRDOE.

## A. Pertinent Regulations Pertaining to the Award of Puerto Rico Government Contracts

Under federal procurement regulations, the PRDOE had an obligation to "follow the same policies and procedures it uses for procurements from its non-Federal funds." *See* 2 C.F.R. § 200.317. Pursuant to Puerto Rico Regulation 9230, promulgated under Law No. 73 of July 19, 2019 (*i.e.*, Law of the Administration of General Services for the Centralization of Purchases of the Government of Puerto Rico, or *Ley de la Administración de Servicios Generales para la Centralización de las Compras del Gobierno de Puerto Rico*), all vendors providing goods or services to the government of Puerto Rico (including the PRDOE) had to be registered on the Bidder's List (*i.e.*, *Registro Único de Licitadores or "RUL"*) maintained by the Puerto Rico General Services Administration (hereafter, the "PRGSA"). Once properly registered, the PRGSA would issue a certificate of eligibility to the vendor, which the vendor would have to renew annually.

## B. The Unlawful Contracting of Star Enterprises Generally

Although Star Enterprises maintained a valid certificate of eligibility from November 2, 2016 to November 2, 2017, it did not subsequently renew this certificate.

On or about December 31, 2019, the Puerto Rico Department of State cancelled Star Enterprises certificate of incorporation because of its failure to file annual reports and pay annual dues as required by the Puerto Rico General Corporations Law.

As of in or about December 31, 2019, Star Enterprises could neither lawfully enter into any contracts with the government of Puerto Rico, nor lawfully conduct business in Puerto Rico, because of its failure to maintain a valid certificate of incorporation and a valid certificate of eligibility. Despite not having either a valid certificate of eligibility or a valid certificate of incorporation, Kelvin Pagán-La Luz authorized payments to Star Enterprises totaling $213,210.07 for work that Star Enterprises purportedly performed for the PRDOE.



### C. Payments to Star Enterprises for Services never Rendered

As of in or about 2019 and continuing through the present date, Company A maintained a valid certificate of incorporation and certificate of eligibility.

On a particular date unknown, but not later than on or about September 14, 2020, Kelvin Pagán-La Luz asked Individual A whether Company 1 would be willing to issue a check for $59,999 to Star Enterprises, and stated that the PRDOE would reimburse Company 1. Kelvin Pagán-La Luz told Individual A that he sought to hire Star Enterprises to provide equipment to the PRAMI, but could not do so because Star Enterprises did not have a valid certificate of eligibility. Accordingly, Kelvin Pagán-La Luz explained, Company 1 should appear as the provider of the requested services to the PRAMI, even though neither Kelvin Pagán-La Luz nor Individual A ever intended for Company 1 to provide any actual services to the PRAMI.

On or about September 14, 2020, Company 1 issued a check to Star Enterprises for $59,999 to be drawn from Company 1's Oriental account ending in XXXX8324; the check was signed by Individual's A's son, who is the president of Company 1. On or about September 15, 2020, the Technical Education Program issued a check to Company 1 for $59,999 to be drawn from the Technical Education Program's Banco Popular account ending in XXXX1575; the check was signed by Kelvin Pagán-La Luz.

Neither Star Enterprises nor Company 1 ever delivered any equipment to the PRAMI, or otherwise provide any services in connection with the $59,999 that were ultimately drawn from the Technical Education Program's Banco Popular account ending in XXXX1575.

Between in or about June 2019 and continuing through in or about August 2021, in the District of Puerto Rico and within the jurisdiction of this Court, Kelvin Pagán-La Luz, Javier Santiago-Rodriguez, and Star Enterprises, Inc., stole, embezzled, and obtained by fraud $213,210.07 owned by, and under the care, custody, and control of the PRDOE. All in violation of 18 U.S.C. §§ 666(a)(1)(A) and 2.

U.S. v. Star Enterprises Inc.

At trial the government would have presented testimonial and documentary evidence to prove that Javier Santiago-Rodriguez is guilty as charged in Count One of the Information.

_____
Alexander L. Alum
Assistant United States Attorney
Date: 1-12-25

_____
Lydia Lizarribar, Esq.
Attorney for Defendant
Date: 1/17/24

_____
Star Enterprises, Inc.
Defendant
Date: 17 Jan 24

DPR